FILED
July 01, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Joseph Hinojos
DEPUTY

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

United States of America
v.
RICARDO ALBERTO TORRES

Case No. **PE: 25-MJ-357**

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __06/26/2025__ in the county of __Presidio__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 111(a)(1) | Assault of a Federal Officer |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Tommy Munoz -Task Force Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/27/2025

_____
Judge's signature

City and state: Pecos, TX

Ronald C. Griffin United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Stanley Cameron, am a Special Agent with the Federal Bureau of Investigation (FBI), United States department of Justice and conduct investigations of concerning violations of Federal Criminal Law. I have been an FBI Special Agent since July 2024. Prior to becoming an FBI Special Agent, I was a soldier in the United States Army for approximately 6 years. I am assigned to the FBI El Paso Midland Resident Agency.

2. The information contained herein is based on information conveyed by other law enforcement personnel from, interview, and investigative activity, and the review of records and documents obtained during this investigation.

## STATEMENT OF PROBABLE CAUSE

3. On June 26, 2025, United States Border Patrol Agents A.L., C.H., C.V, were conducting immigration inspections at the Marfa Checkpoint, located within the Western District of Texas. At approximately 2:00 PM, a dark-colored truck bearing New York license plate approached the primary inspection area.

4. BPA A.L. questioned the driver, later identified as RICARDO ALBERTO TORRES (herein after TORRES), and his passenger, regarding their travel itinerary. While BPA A.L. was verifying citizenship, K9 Handler BPA C.V. informed him that his service canine had alerted to the vehicle. BPA A.L. directed TORRES to proceed to the secondary inspection area. TORRES expressed frustration, stating he was running late for work and requested the inspection be brief. BPA A.L. advised TORRES that, due to the canine alert, a secondary inspection was mandatory.

5.  Once in the secondary inspection area, BPA C.V. attempted to calm TORRES and explained that the inspection would proceed and, if nothing was found, he would be free to go. McQuown exited the vehicle and complied, taking a seat in the designated bench area. TORRES exited the vehicle in an agitated manner, arms crossed and fists clenched. He verbally refused to sit in the designated seating area and insisted on overseeing the inspection. For safety reasons, BPA C.V. instructed TORRES that he must be seated during the inspection. TORRES refused and stated, "I am not fucking moving." As BPA C.V. attempted to escort him, TORRES pulled his arm free and swung at C.V. When C.V. attempted to grab his arm and escort him a second time, he once again swung his elbow towards C.V. in a hostile and aggressive manner.

6.  At approximately 2:15 PM, Border Patrol swing shift agents R.C., A.V., and J.G. arrived on scene and observed the confrontation. In response to TORRES' aggressive actions, A.L. deployed his Electronic Control Weapon (ECW) to subdue the subject. The ECW was ineffective, and the subject pulled one of the prongs free. BPAs R.C., J.G., A.L., and C.H. assisted C.V. in bringing TORRES to the ground. Once restrained, BPA R.C. applied handcuffs to TORRES. Agents placed him in a seated position and notified local dispatch of a use of force incident involving ECW deployment. EMS was requested to respond to the checkpoint.

7.  TORRES was then escorted to a holding cell within the 714 Marfa Checkpoint. Shortly after, Watch Commander Menchaca, Presidio County Sheriff's Deputy C.W., and Border Patrol EMT BPA Tolbert arrived on scene at approximately 2:28 PM. TORRES refused medical evaluation at approximately 2:30 PM.

8.  On June 26, 2025, TORRES was interviewed by an FBI Task Force Officer and a Homeland Security Investigations (HSI) Special Agent. TORRES was read his advice of rights and waived his right to counsel. During the interview, TORRES admitted that he had not complied

with Border Patrol Agents and had grabbed the waist of a Border Patrol Agent while he was being taken to the ground. TORRES also admitted to jerking his arm away from BPA agents when they attempted to escort him.

9. Based on the facts set forth in this affidavit, there is probable cause to believe that RICARDO ALBERTO TORRES has committed violations of Title 18, United States Code (U.S.C.), Section 111(a)(1) Assault of a Federal Officer within the Western District of Texas.

Respectfully submitted,

_____
Tommy Munoz
Task Force Agent


_____
Honorable Ronald C. Griffin
United States Magistrate Judge